Matthew J. Ruggles (SBN 173052)
  mruggles@ruggleslawfirm.com
RUGGLES LAW FIRM
7940 California Avenue
Fair Oaks, CA 95628
(916) 758-8058 Tel
(916) 758-8048 Fax

Attorney for Plaintiff Housi Kakar

Jamie Rudman (SBN 166727)
  rudman@sanchez-amador.com
Patricia Arias Musitano (SBN 197662)
  musitano@sanchez-amador.com
SANCHEZ & AMADOR, LLP
800 S. Figueroa Street, 11th Floor
Los Angeles, California 90017
(213) 955-7200 Tel
(213) 955-7201 Fax

Attorneys for Defendant JPMorgan Chase Bank, N.A.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| HOUSI KAKAR, | Case No. 2:22−CV−00561−TLN−CKD |
| Plaintiff, | **JOINT STIPULATION TO SET ASIDE DEFAULT AND ORDER** |
| v. | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION; and DOES 1 through 50, inclusive, | |
| Defendants. | Complaint Filed: March 28, 2022<br>Default Entered: April 21, 2022 |

**TO THE COURT:**

Plaintiff Housi Kakar and Defendant JPMorgan Chase Bank, N.A. (collectively the "Parties"), hereby stipulate pursuant to Rule 55(c) to set aside the default entered against Defendant JPMorgan Chase Bank, N.A. ("Chase") on April 21, 2022 (ECF No. 6), as follows:

1. Federal Rule of Civil Procedure 55(c) allows a court to set aside entry of default for "good cause," and allows the court to set aside default pursuant to Federal Rule of Civil Procedure 60(b). Under Federal Rule of Civil Procedure 60(b), the court may grant relief from a final judgment or order for mistake, inadvertence, surprise, or excusable neglect. See Fed. R. Civ. P. 60(b)(1.)

2. Plaintiff filed the Complaint in this matter on March 28, 2022, and served it upon CT Corporation, Chase's agent for service of process, on March 29, 2022. Chase's last day to file a responsive pleading was April 19, 2022. (See Federal Rule of Civil Procedure 12(a).)

3. The Court entered default on April 21, 2022 (ECF No. 6). Plaintiff served CT Corporation with the Clerk's Certificate of Entry of Default on June 21, 2022.

4. Having received no response, on July 2, 2022, Plaintiff's counsel reached out to an attorney that previously represented Defendant in an unrelated matter to inquire as to the representation and lack of response.

5. Due to that inquiry, Chase's litigation department first learned of the Summons and Complaint in this matter and promptly investigated. Chase's litigation team determined that on or about February 15, 2022, its Legal Papers Served Department adopted a new, automated system for coding documents served on CT Corporation. This system incorrectly coded the documents served in this case, which resulted in the Summons and Complaint not being sent to the litigation team. To help prevent such errors in the future, Chase discontinued use of that automated system.

6. Chase asserts that it failed to respond within the time permitted by law due to a mistake of fact or excusable neglect in that the Summons and Complaint were inadvertently miscoded, resulting in the litigation team being unaware of the Summons and Complaint until Plaintiff's counsel reached out. By that time, this Court had entered default. Chase further asserts that as soon as information about the Summons and Complaint reached the litigation department, it began working with Plaintiff's counsel to obtain this Stipulation..

7. Defendant asserts in good faith that it has good and meritorious defenses to the claims for relief alleged, due to Plaintiff having been terminated for non-discriminatory legitimate reasons.

8. Plaintiff will not be prejudiced by setting aside the default.

9. THEREFORE, the Parties respectfully request this Court set aside the default entered on April 21, 2022 (ECF No. 6) against Defendant, JPMorgan Chase Bank, N.A., and allow Defendant, JPMorgan Chase Bank, N.A., to file its response to the Complaint within 21 days from the date of entry of this order.

DATED: July 25, 2022                          RUGGLES LAW FIRM

                                                             /s/ Matthew J. Ruggles
                                              (as authorized on 7/22/22)
Matthew J. Ruggles
Attorney for Plaintiff Housi Kakar

DATED: July 25, 2022                          SANCHEZ & AMADOR, LLP

                                                  /s/ Jamie Rudman
Jamie Rudman
Patricia Arias Musitano
Attorneys for Defendant JPMorgan Chase Bank, N.A.

## ORDER

Having read the Parties Joint Stipulation to Set Aside Default, and good cause appearing, the Court hereby Orders as follows:

Joint Stipulation to Set Aside Default is GRANTED. The Default against JPMorgan Chase Bank, N.A. entered on April 21, 2022 at ECF No. 6 is hereby STRICKEN.

Defendant will respond to the Complaint within 21 days of entry of this order.

IT IS SO ORDERED.

Dated: July 25, 2022

_____
Troy L. Nunley
United States District Judge